UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL V. LANE,

Plaintiff,

v.

KENNETH WILLIAMS, *et al.*,

Defendants.

Case No. 3:25-CV-00078-ART-CLB

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**

[ECF No. 50]

Currently pending before the Court is Plaintiff Michael Lane's ("Lane") motion to compel Defendants to produce a full copy of his institutional medical file. (ECF No. 50.) There are several issues with Lane's motion. First, there is no indication Lane attempted to obtain his medical records from Defendants prior to filing this motion. Discovery is a process that occurs between the parties and should "proceed with minimal involvement from the Court." *V5 Tech. v. Switch*, 334 F.R.D. 297, 301 (D. Nev. 2019) (quoting *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)). The Court should be involved if there is a bona fide discovery dispute that the parties cannot resolve themselves.

Second, even assuming Lane sent Defendants a discovery request, he failed to include a copy of the request or Defendants' response in his motion. This is required by the Court's Local Rules. *See* LR 26-6(b) ("All motions to compel . . . must set forth in full the text of the discovery originally sought and any response to it.")

Lastly, Lane's motion does not include a certification that he met and conferred with Defendants prior to filing the instant motion. Both the Federal Rules of Civil Procedure and the Court's Local Rules require the moving party to include with their motion a declaration certifying they made a good-faith effort to meet and confer but were unable to resolve the issue. *See* Fed. R. Civ. P. 37(a)(1); LR 26-6(c). Lane acknowledges this standard in his motion, (ECF No. 50 at 6), but nevertheless fails to comply with it.

///

If Lane wants a copy of his medical records, he must make a proper request for these records from Defendants, who will provide them to the Warden's office. Lane may then submit a request to review them at the Warden's office via a kite. Or, as the Court has already explained, (ECF No. 42), Lane may review his medical records by following the steps outlined in Administrative Regulation 639.03.

Lane's instant motion is the most recent example in a long line of procedurally improper filings. (*See* ECF Nos. 19, 21, 26, 27, 28, 29, 34, 36, 38, 40, 48, 49.) The Court has already explained to Lane that his *pro se* status does not excuse him from following this Court's Local Rules or the Federal Rules of Civil Procedure, and that failure to comply with these rules may result in sanctions. (ECF No. 29.) Lane nevertheless continues to submit filings in violation of these rules. Lane is advised that if he continues to violate the rules and ignore the Court's orders, the Court will have no choice but to impose sanctions. If Lane truly wishes to take "full responsibility" for his errors as he claims in his motion, (ECF No. 50 at 7), the Court reminds him to review the relevant rules that govern this litigation *prior* to submitting any future filings to ensure that he is doing his best to comply with the Court's orders and the rules that apply to this case.

For the reasons discussed above, Lane's motion to compel, (ECF No. 50), is **DENIED**.

**IT IS SO ORDERED**.

**DATED**: July 22, 2026

UNITED STATES MAGISTRATE JUDGE