**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| MICHAEL V. LANE,<br>Plaintiff,<br>v.<br>KENNETH WILLIAMS, *et al.*,<br>Defendants. | Case No. 3:25-CV-00078-ART-CLB<br>**ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL, STATUS UPDATE, AND MOTION TO COMPEL**<br>[ECF Nos. 54, 55, 56] |

Currently pending before the Court are three motions filed by Plaintiff Michael Lane ("Lane"): (1) motion for appointment of counsel, (ECF No. 54), (2) motion for status update, (ECF No. 55), and (3) motion to compel. (ECF No. 56). For the reasons stated below, Lane's motions are denied.

## I. MOTION FOR COUNSEL

There is no constitutional right to appointed counsel in a 42 U.S.C. § 1983 action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). Under 28 U.S.C. § 1915(e)(1), the Court has discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) *see Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1988) (en banc.) The Court may exercise that discretion, however, only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of exceptional circumstances requires the Court to evaluate (1) the plaintiff's likelihood of success on the merits, and (2) the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both must be considered together. *Id.* The difficulties every litigant faces when proceeding *pro se* do not qualify as exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Although nearly any *pro se* litigant would benefit from the

assistance of competent counsel, that benefit alone does not rise to the level of “exceptional circumstances.” *Rand*, 113 F.3d at 1525. Rather, the plaintiff must show that he is unable to articulate his claims because of their complexity. *Id.*

Lane has not made that showing. In his motion, Lane argues that the possibility of continued lower back deterioration indicates his claim is sufficiently meritorious. (ECF No. 54 at 3.) Lane goes on to argue that medical professionals’ use of the term "stat" in connection with his care demonstrates that he will face serious consequences if his back issues are not addressed urgently. (*Id*.) However, Lane’s assertions are conclusory and do not explain how the cited medical evidence demonstrates that any Defendant acted with deliberate indifference to his medical needs. A medical provider's comment that some form of care was urgent does not, standing alone, indicate that he is likely to succeed on the merits.

As to the second factor, Lane contends he needs counsel to obtain and interpret his medical records, to secure expert witnesses, and to offset the disparity in resources between himself and Defendants. (*Id.* at 3-4.) These concerns are common to nearly every incarcerated *pro se* litigant and do not constitute exceptional circumstances. *See Wood*, 900 F.2d at 1335-36. Lane's filings to date demonstrate that he is able to articulate his claims and the facts supporting them, and the legal issues presented are not unusually complex. Accordingly, Lane's motion for appointment of counsel, (ECF No. 54), is denied.

## II. MOTION FOR STATUS UPDATE

Next, Lane filed a motion for a status update regarding his motion for appointment of counsel. (ECF No. 55.) As the Court has now resolved the motion for counsel, the motion for status update, (ECF No. 55), is denied as moot.

## III. MOTION TO COMPEL

Finally, Lane filed a motion seeking the Court compel Defendants to provide him with specific medical treatment from a specific provider. (ECF No. 56.) Because Lane seeks an order directing Defendants to take affirmative action, the Court construes the motion as one seeking injunctive relief. A party seeking such relief must establish a

sufficient nexus between the injury claimed in the motion and the conduct asserted in the underlying complaint. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015); *see also Saddiq v. Ryan*, 703 F. App'x 570, 572 (9th Cir. 2017) (affirming denial of preliminary injunction where prisoner failed to establish a nexus between the claims in his motion and those in his complaint). Lane has not established that nexus. The treatment he seeks involves a provider who is not a party to this action, meaning the request is unrelated to the persons and claims at issue in this case. As the relief sought falls outside the scope of this action, the motion is improper. *Pac. Radiation*, 810 F.3d at 636. Accordingly, Lane's motion to compel, (ECF No. 56), is denied.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Lane’s motion counsel, (ECF No. 54), is **DENIED**.

**IT IS FURTHER ORDERED** that Lane’s motion for status update (ECF No. 55), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Lane’s motion to compel (ECF No. 56), is **DENIED** as improper.

**DATED**: October 28, 2026.

UNITED STATES MAGISTRATE JUDGE