UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL V. LANE, Plaintiff, v. KENNETH WILLIAMS, et al., Defendants. | Case No. 3:25-cv-00078-ART-CLB ORDER ADOPTING REPORT AND RECOMMENDATION |

Plaintiff Michael V. Lane is an inmate currently in custody at the Northern Nevada Correctional Center ("NNCC"). He filed a pro se civil rights complaint under 42 U.S.C. § 1983, raising one Eighth Amendment claim for deliberate indifference to serious medical needs in relation to his chronic lower back and leg pain. (ECF No. 7 at 4.) Shortly after he and Defendants failed to reach a settlement at the mediation stage (ECF No. 14), Mr. Lane filed an emergency motion for a preliminary injunction asking this Court to require Defendants to provide certain care to address his back pain (ECF No. 18 at 1).

Before the Court is the Report and Recommendation ("R&R") issued by Magistrate Judge Carla Baldwin recommending that Mr. Lane's request for a preliminary injunction be denied. (ECF No. 43.) Mr. Lane objected to the R&R (ECF No. 44), and Defendants in turn filed a response (ECF No. 47). For the reasons stated below, the Court adopts Judge Baldwin's R&R.

## I. LEGAL STANDARD

Magistrate judges are authorized to issue reports and recommendations on dispositive matters, which district judges may "accept, reject, or modify, in whole or in part." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the district court is required to "make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." *Id.* A district court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

A preliminary injunction is an extraordinary remedy never awarded as of right. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff seeking a preliminary injunction must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm if preliminary relief is not granted, (3) that the balance of equities weighs in their favor, and (4) that the injunction they seek is in the public interest. *See id.* at 20. "Likelihood of success on the merits 'is the most important' *Winter* factor; if a movant fails to meet this 'threshold inquiry,' the court need not consider the other factors." *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (quoting *Garcia v. Google Inc.*, 786 F.3d 733, 740 (9th Cir. 2015)).

Injunctive relief can be either mandatory or prohibitory. The distinction is whether the injunction requires the parties to take action or to refrain from taking action; in other words, whether the injunction alters or preserves the status quo pending a determination on the merits of the case. The mandatory injunction standard is imposing. In addition to the four traditional preliminary injunction factors stated above, a movant requesting a mandatory injunction must also show that "the facts and law clearly favor" the request. *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 684 (9th Cir. 2023) (citing *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994)); *see also Garcia v. Google, Inc.*, 786 F.3d 733, 744 (9th Cir. 2015) (requiring "more than a possible or fairly debatable claim" to justify issuing a mandatory preliminary injunction). Mandatory injunctions require a higher level of proof than prohibitory injunctions because they impose affirmative obligations on the parties before a resolution on the merits. They are "particularly disfavored," not granted unless "extreme or very serious damage will result," and "not issued in

doubtful cases." *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1160 (9th Cir. 2011) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)).

Furthermore, the standard for granting preliminary relief to prisoner litigants has been further heightened by the Prison Litigation Reform Act ("PLRA"). The PLRA requires that preliminary injunctive relief in this context "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). This provision thus "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. California*, 220 F.3d 987, 999 (9th Cir. 2000).

## II. DISCUSSION

In his motion for a preliminary injunction (ECF No. 18), Mr. Lane raises three claims for relief. First, he asserts that in March 2026, after waiting nearly four years for a specialist appointment to address his back pain, he met with an outside physician who recommended that he be administered an epidural and undergo surgery. (*Id.* at 2-3.) He seeks an injunction requiring Defendants to provide follow-up appointments for such care without further delay. (*Id.* at 4.) Second, he argues that the Nevada Department of Corrections' ("NDOC") policies for renewing pain medications contravene NRS 209.3813 (*id.* at 3), which requires NDOC to refill prescriptions before the supply is exhausted. Third, he seeks emergency relief to address NDOC's shortage of onsite physicians.

Although Defendants raised procedural objections to Mr. Lane's motion (ECF No. 30 at 2-3), Judge Baldwin proceeded to evaluate the motion on its merits (ECF No. 43 at 4-5.) She recommends denying relief on Mr. Lane's first claim based on the conclusion that he has not shown that he was likely to succeed on

the merits of his argument that by failing to promptly schedule him for follow-up appointments, Defendants were deliberately indifferent to his medical needs. (*Id.* at 6.) Specifically, Judge Baldwin determined that the fact that Defendants had taken Mr. Lane to an outside provider in March 2026 necessarily meant that they had not acted with deliberate indifference. (*Id.*) She further concluded that Mr. Lane's second and third claims are insufficiently related to the single deliberate indifference claim raised in his complaint. (*Id.* at 7.)

Mr. Lane filed an objection to the recommended denial of preliminary injunctive relief. (ECF No. 44.) He in effect asserts that Judge Baldwin erred in concluding that he is unlikely to succeed on the merits of his deliberate indifference claim, although he does not cite legal authority demonstrating otherwise. (*Id.* at 4-5.) He argues that Defendants' failure to heed the recommendations of outside providers—such as the provider he saw in March 2026 who stated that he needs follow-up care—indeed amounts to deliberate indifference. (*Id.* at 4-5.) He also seemingly argues that Defendant Kenneth Williams is retaliating against him by canceling appointments and interfering with his kites to further deny him the care he seeks. (*Id.* at 2-3, 5-6.)

Because Mr. Lane objected to Judge Baldwin's conclusion that he fails to satisfy the requirements for preliminary injunctive relief, the Court's review of that issue is de novo. 28 U.S.C. § 636(b)(1).

First, Mr. Lane is requesting a mandatory injunction because he is asking for an order that would require the opposing party to take affirmative action. *See Marlyn Nutraceuticals*, 571 F.3d at 879 (explaining that "[a] mandatory injunction 'orders a responsible party to take action'") (citation omitted). While Mr. Lane is correct to note that his Eighth Amendment claim has survived the screening stage (ECF No. 44 at 5), that does not mean he is entitled to an injunction before his claims have been fully litigated. *See Garcia*, 786 F.3d at 744 (requiring "more than a possible or fairly debatable claim" to warrant this relief). Rather, for the

Court to compel Defendants to affirmatively provide him with the care he seeks at this early stage, Mr. Lane must show that that "the facts and law clearly favor" his deliberate indifference claim. *Fellowship of Christian Athletes*, 82 F.4th at 684.

Underlying the deliberate indifference standard is the principle that the government has an "obligation to provide medical care for those whom it is punishing by incarceration," and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 103–05 (1976). To prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show "deliberate indifference" to "serious medical needs." *Id.* at 104. This requires meeting "both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc). To satisfy the objective standard, the denial of a plaintiff's serious medical need must result in the "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 104. To satisfy the subjective standard of the second prong, a plaintiff must show "(a) purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). This requires showing that the plaintiff's treatment "was medically unacceptable under the circumstances" and was chosen "in conscious disregard of an excessive risk" to his health. *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016).

The Court concludes that Mr. Lane has not met the high bar that inmate litigants must clear to obtain preliminary injunctive relief in the medical context and under the PLRA. Mr. Lane attached to his motion a substantial volume of medical kites submitted from late 2023 through early 2026 in which he notified NDOC of his medical needs and requested care, including asking to be scheduled to see outside neuro and orthopedic specialists and for his prescriptions to be

refilled. (ECF No. 18.) Some indicate that Mr. Lane did see specialists from time to time. (*See e.g., id.* at 27.) Mr. Lane also states in his motion that he had an appointment with a specialist as recently as March 24, 2026 (*id.* at 2), just one month before filing the present motion. While Mr. Lane may have expected NDOC medical staff to schedule a follow-up appointment moving forward with the recommended surgery or epidural sooner, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Edmo v. Corizon, Inc.*, 935 F.3d 757, 786 (9th Cir. 2019) (quoting *Snow*, 681 F.3d at 988). The Court also notes that in Mr. Lane's objection, he reports that he has been moved to a new unit within NNCC, wherein he has access to daily visits with a registered nurse. (ECF No. 44 at 3.) It is not clear, according to relevant caselaw, that this level of care was "medically unacceptable under the circumstances." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).

While Mr. Lane has a cognizable Eighth Amendment claim and may well be successful when the litigation has run its course, the standard for granting preliminary relief at this stage requires more than plausibility. Rather, "[w]here a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984). In light of the above, the Court concludes that Mr. Lane has not shown that the facts and law clearly favor his position that Defendants have been deliberately indifferent to his medical needs. *Fellowship of Christian Athletes*, 82 F.4th at 684.

Mr. Lane also seeks injunctive relief requiring NDOC to address the shortage of onsite physicians at NNCC. (ECF No. 18 at 3.) "Granting such general injunctive relief runs afoul of the PLRA's instruction that injunctive relief be narrowly tailored to the alleged harm." *Picozzi v. Nevada*, No. 2:22-cv-01011-ART-

EJY, 2023 WL 1765678, at *3 (D. Nev. Feb. 2, 2023) (citing 18 U.S.C. § 3636(a)(2)). Moreover, Mr. Lane's complaint does not allege a claim challenging NDOC's general policy of physician staffing, placing injunctive relief on this issue beyond the Court's power to issue. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.")

For these reasons, the Court overrules Mr. Lane's objection.

## III. CONCLUSION

It is therefore ORDERED that Judge Baldwin's R&R (ECF No. 43) is ADOPTED and Plaintiff's objection (ECF No. 44) is OVERRULED.

It is further ORDERED that Plaintiff's motion for a preliminary injunction (ECF No. 18) is DENIED.

It is further ORDERED that Defendants' motion for leave to file Plaintiff's medical records under seal (ECF No. 31) is GRANTED. Exhibit B attached to Defendants' response to the motion for a preliminary injunction (ECF No. 30), filed under seal at ECF No. 32, shall remain sealed.

Dated this 18th day of November 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE